1  Robert J. Wilger, Bar No. 168402
   rwilger@littler.com
2  Shestin R. Swartley, Bar No. 279445
   sswartley@littler.com
3  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 7th Floor
4  San Jose, California 95113.2431
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686

6

7  Attorneys For Defendant
   GOOGLE LLC

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  ERIC RAHMAN, an individual,              Case No.:

12            Plaintiff,                     **NOTICE OF REMOVAL OF CIVIL ACTION
                                             TO FEDERAL COURT UNDER 28 U.S.C. §
13       v.                                  1331 (FEDERAL QUESTION)**

14  GOOGLE LLC, a Delaware limited liability
    company; and DOES 1 through 20, inclusive,   Trial Date:    None Set
15                                               Complaint Filed: 5/12/25
             Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ERIC RAHMAN:

PLEASE TAKE NOTICE that Defendant Google LLC, by and through its respective undersigned counsel, hereby submit this Notice of Removal pursuant to 28 U.S.C. section 1446 to remove this action filed by Plaintiff Eric Rahman from the Superior Court of the State of California, in and for the County of Santa Clara to the United States District Court, Northern District of California.

This Notice is based on federal question and supplemental jurisdiction, pursuant to 28 U.S.C. sections 1331 and 1441(a), and provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (a notice "need not contain evidentiary submissions"). Provided "a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (rejecting *sua sponte* remand). Should the Court request Defendant to demonstrate any of the facts alleged herein, Defendant is prepared to do so.

I.    PROCEDURAL BACKGROUND

1.    Pursuant to 28 U.S.C. section 1446(a), true and correct copies of all state court process, pleadings, and orders received by Defendant are attached to the Declaration of Robert J. Wilger ("Wilger Decl."), including the Summons, Complaint, and all other Santa Clara County Superior Court documents delivered to Defendant.

2.    On May 12, 2025, Plaintiff commenced this action in the Santa Clara Superior Court, entitled *Eric Rahman, an individual, vs Google LLC*, Case No. 25CV465695. The Complaint alleges causes of action for: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of California Government Code § 12940(a) – Discrimination Based on Military Status; (3) Violation of Cal. Gov. Code § 12940(k) – Failure to Prevent Discrimination; (4) Violation of Cal. Gov. Code § 12940(h) – Retaliation; (5) Violation of USERRA (38 U.S.C. § 4311 [Discrimination/Retaliation]); (6) Breach of Contract; (7) Breach of Covenant of Good Faith and Fair Dealing; (8) Violation of California Business & Professions Code; (9) Intentional Infliction of Emotional Distress; and (10) Negligent Infliction of Emotional Distress.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

A true and correct copy of the Complaint in the Santa Clara County Superior Court lawsuit is attached as Exhibit 1 to the Wilger Declaration.  (Wilger Decl., ¶ 4, Ex. 1).  A true and correct copy of the Summons in the Santa Clara County Superior Court lawsuit is attached as Exhibit 2 to the Wilger Declaration.  (*Id.*, ¶ 4, Ex. 2).  A true and correct copy of the Civil Case Cover Sheet in the Santa Clara County Superior Court lawsuit is attached as Exhibit 3 to the Wilger Declaration.  (*Id.*, ¶ 4, Ex. 3).

3.     On May 21, 2025, Defendant was served with the Summons and Complaint in the Santa Clara Superior Court civil action. (*Id.*, ¶ 4).  A true and correct copy of the Proof of Service of Summons in the Santa Clara County Superior Court lawsuit is attached as Exhibit 4 to the Wilger Declaration.  (*Id.*, ¶ 4, Ex. 4).  DOES 1 through 20 are unnamed and unknown, and to Defendant's knowledge, have not been identified and served. (*Id.*, ¶ 4).

4.     Pursuant to 28 U.S.C. section 1446(b), this Notice is filed with the United States District Court within thirty (30) days after "service" upon Defendant of the Summons and Complaint setting forth the claims for relief upon which this civil action is based.  (Wilger Decl., ¶ 4, Ex. 4).  Therefore, this Notice of Removal is timely filed.  See 28 U.S.C. § 1446(b)(3).

5.     Defendant will file its responsive pleading pursuant to Federal Rule of Civil Procedure 81(c)(2).  (Wilger Decl., ¶ 7).

6.     Pursuant to 28 U.S.C. section 1446(a), Exhibits 1 through 4 represent the entire state court file in this matter.  (Wilger Decl., ¶ 5, Ex. 5).

7.     Pursuant to 28 U.S.C. section 1446(d), Defendant will, promptly after filing, file a copy of this Notice of Removal with the Clerk of Court of the Superior Court of the State of California, County of Santa Clara.  (Wilger Decl., ¶ 8).  Proof of Service of the Notice to State Court of Removal to Federal Court and of the Notice to Plaintiff of Removal to Federal Court will be filed with this Court immediately. (*Id.*).

## II.     FEDERAL QUESTION JURISDICTION

8.     Federal law provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  This case falls within the Court's original federal question jurisdiction because Plaintiff's Complaint asserts a civil claim arising under the laws of the United States pursuant to the Uniformed Services Employment and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

1  Reemployment Rights Act ("USERRA"), namely 38 U.S.C. section 4301 *et seq*.  Additionally, this Court

2  has original jurisdiction over Plaintiff's USERRA claim under 38 U.S.C. section 4323.

3        9.    Specifically, section 4323(b)(3) provides that "[i]n the case of an action against a private

4  employer by a person, the district courts of the United States ***shall*** have jurisdiction of the action."

5  38 U.S.C. § 4323(b)(3) (emphasis added).  Accordingly, this Court has original jurisdiction over Plaintiff's

6  USERRA claim.  "The amended Act provides for federal jurisdiction over an action against a state (as an

7  employer) or a private employer commenced by the United States, and an action against a private

8  employer by a person. § 4323(b)(1), (3)."  *Townsend v. Univ. of Alaska*, 543 F.3d 478, 481 (9th Cir.

9  2008).

10        10.    This Court also has supplemental jurisdiction over Plaintiff's state law claims.  Where a

11  United States District Court has original jurisdiction over at least one claim, the Court also has

12  supplemental jurisdiction over any additional claims that are "so related to claims in the action within such

13  original jurisdiction that they form a part of the same case or controversy under Article III of the United

14  States Constitution."  28 U.S.C. § 1367(a).

15        11.    "The federal court has supplemental jurisdiction over state-law claims sharing a 'common

16  nucleus of operative fact' with the federal-law ones."  *Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31

17  (2025) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  Claims generally share

18  a common nucleus of operative fact under circumstances where the plaintiff "would ordinarily be expected

19  to try them all in one judicial proceeding."  *Gibbs*, *supra,* 383 U.S. at 725.  These circumstances plainly

20  exist here.

21        12.    Each of Plaintiff's causes of action share a common nucleus of operative fact.  See *Gibbs*,

22  *supra,* 383 U.S. at 725.  As an initial matter, in support of all Plaintiff's claims, he alleges in the first

23  paragraph of his "GENERAL ALLEGATIONS" that "Plaintiff has concurrently served as a reservist in

24  the United States Army as a Brigade Commander. Plaintiff has proudly served this country for more than

25  30 years. Google ultimately decided to terminate Plaintiff's employment while he was serving in the

26  military reserve and away on military duty."  (Wilger Decl., ¶ 4, Ex. 1, Compl., ¶ 10).  Additionally,

27  pursuant to Plaintiff's First Cause of Action for wrongful termination in violation of public policy, he

28  alleges, "[i]t is a violation of public policy to discharge someone based upon their military status . . . .

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1331
(FEDERAL QUESTION)

LITTLER MENDELSON, P. C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

Plaintiff's military status was a substantial motivating factor in his discharge." (*Id.*, Compl., ¶ 34).

13.    Pursuant to his Second Cause of Action for discrimination based on military status, Plaintiff alleges, "Plaintiff was subjected to discrimination by Defendants based on his military status, as evidenced by, among other things, his being transferred off the DoD team, being placed on a performance improvement plan, and being deprived earned compensation, as a result of his being assigned to active military duty, purportedly in violation of Google policy, and not 'pushing back' on the U.S. Army for assigning him to active military duty. In addition, Plaintiff was discriminated against by Defendants for filing the USERRA Complaint." (*Id.*, Compl., ¶ 39).  Additionally, "Plaintiff's discharge – in addition to the PIP, transfers to other territories and denial of earned compensation pre-dating that discharge – was an adverse employment action, and his military status was a substantial motivating reason for such wrongful discharge." (*Id.*, Compl., ¶ 41).  Plaintiff further avers that, "[e]ven if Defendants argue that there were other motivating factors, there is clearly a causal connection between Plaintiff's military status and Defendants' adverse employment action(s)."  (*Id.*, Compl., ¶ 42).

14.    Plaintiff's Third Cause of Action for failure to prevent discrimination, is a derivative claim based on his claim of discrimination.   "Defendants made no effort whatsoever to prevent the discrimination Plaintiff suffered at the hands of Defendants' management, including but not limited to Plaintiff's direct supervisor, Mr. Burbach."  (*Id.*, Compl., ¶ 48).  Moreover, from Plaintiff's general allegations, he alleges, "On May 24, 2022, mere weeks before Plaintiff's impending military leave, Mr. Burbach placed Plaintiff on a performance improvement plan (or "PIP") that purported to discipline Plaintiff for "poor performance[.]" (*Id.*, Compl., ¶ 20).  Plaintiff also claims that "[f]ollowing Plaintiff's USERRA Complaint, Mr. Burbach and Google required Plaintiff to provide documentation from the Army Reserve, or to file for an exception to policy, in order to be paid his commissions due and owing on Army Workspace. Google had never asked its National Guard representatives or anyone else on Plaintiff's (or others') team(s) for similar proof.  Importantly, this request for proof was not only made after Plaintiff filed his USERRA Complaint, but also a mere four days after a representative from the U.S. Department of Labor contacted Google for a response to Plaintiff's allegations in the USERRA Complaint, reflecting a clear intent to retaliate against Plaintiff for filing the USERRA Complaint in the first place."  (*Id.*, Compl., ¶ 27).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1331
(FEDERAL QUESTION)

15.     Pursuant to Plaintiff's Fourth Cause of Action for retaliation, he alleges:

Plaintiff was a member of a protected class (given his military) and filed a USERRA Complaint regarding the discrimination he suffered as the hands of Defendants, as alleged above.

Following Plaintiff's filing of the USERRA Complaint, Defendants wrongfully terminated Plaintiff's employment in retaliation for making the USERRA Complaint.

Plaintiff's discharge was an adverse employment action, and his USERRA Complaint was a substantial motivating reason for such wrongful discharge. Plaintiff was harmed by Defendants' wrongful termination of his employment, and said wrongful termination was a substantial factor in causing Plaintiff's harm.

(*Id.*, Compl., ¶¶ 54-56).

16.     Plaintiff's Fifth Cause of Action is for violation of USERRA (38 U.S.C. section 4311) for discrimination and retaliation. (Wilger Decl., ¶ 4, Ex. 1, Compl., ¶¶ 60-69). "Plaintiff is and was, at all relevant times herein, a reservist in the United States Army as a Brigade Commander and, as such, an employee who was protected under USERRA from discrimination and retaliation[] and "[a]s alleged herein, Plaintiff's military service and veteran status were motivating factors in Defendants' discrimination against, retaliation against, and wrongful termination of the employment of Plaintiff." (*Id.*, Compl., ¶¶ 65-66).

17.     Pursuant to Plaintiff's Sixth and Seventh Causes of Action for breach of contract and breach of covenant of good faith and fair dealing, respectively, Plaintiff alleges wrongful discharge of his employment based on his military status as a breach of his "agreement" with Defendant. (*See id.*, Compl., ¶¶ 70-76). As stated above in Plaintiff's First Cause of Action for wrongful termination, Plaintiff's alleges that his "military status was a substantial motivating factor in his discharge." (*Id.*, Compl., ¶ 34).

18.     Pursuant to Plaintiff's Eighth Cause of Action for violation of the California Business & Professions Code, he alleges, "[a]s a direct and proximate result of Defendants' violations of FEHA – by way of discriminating against Plaintiff based on his military status, failing to prevent said discrimination suffered by Plaintiff, and further retaliating against Plaintiff for his filing of the USERRA Complaint." (*Id.*, Compl., ¶ 81).

19.     As described above, all of Plaintiff's claims are subject to federal question jurisdiction

under 28 U.S.C. sections 1331 and 1441(a). Plaintiff's claim for relief against Defendant Google LLC are based, in full or in part, on the federal Uniformed Services Employment and Reemployment Rights Act, namely 38 U.S.C. section 4301, *et seq*. Accordingly, Plaintiff's Complaint purports to allege claims under federal law. (See 28 U.S.C. §§ 1331 and 1441(a); Wilger Decl., ¶ 4, Ex. 1).

20.    Therefore, this is a civil action over which this court has original and supplemental jurisdiction under 28 U.S.C. sections 1331 and 1367(a), and which may be removed to this Court pursuant to 28 U.S.C. section 1441(a).

### III.    VENUE

21.    Because this action is pending in the Superior Court of Santa Clara County, California, under 28 U.S.C. sections 84(b) and 1441(a), the United States District Court for the Northern District of California is the proper forum for remove of this state court action. Further, "[i]n the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2).

22.    Pursuant to 28 U.S.C. section 1441(a) and Northern District Local Rules 3-2(c) and (e), this matter is properly assigned to the San Jose Division.

(a)    Santa Clara County is located within the jurisdiction of the United States District Court for the Northern District of California, and therefore, the San Jose Division of this Court is the proper venue for the removal of the State Court Action.

(b)    To Defendant's knowledge there are no Doe defendants. (Wilger Decl., ¶ 4). However, assuming the existence of any, they are and would be fictitious defendants and are not parties to this action. Unnamed defendants sued as Does also are not required to join in a removal petition. *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

23.    For all of the foregoing reasons, the State Court Action is removable to this Court under 28 U.S.C. sections 1331 and 1367(a), and which may be removed to this Court pursuant to 28 U.S.C. section 1441(a).

### IV.    NOTICE

24.    Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice is being filed

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

7

with the Clerk of the Superior Court of the State of California, County of Santa Clara, and served upon Plaintiffs and all parties . (Wilger Decl., ⁋ 8).

25.    By the filing of this Notice of Removal, Defendant does not waive, and hereby expressly reserves, its respective rights to assert any substantive or procedural defenses which may apply to the causes of action alleged by Plaintiff in his Complaint.

**WHEREFORE**, Defendant prays that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be place on the docket of this Court for further proceedings, the same as though this action had originally been commenced in this Court.


Dated:  June 18, 2025                              LITTLER MENDELSON, P.C.

_____
Robert J. Wilger
Shestin R. Swartley

Attorneys For Defendant
GOOGLE LLC

4924-6680-9163.4 / 048891.1060

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1331
(FEDERAL QUESTION)