1   Robert J. Wilger, Bar No. 168402
    rwilger@littler.com
2   Shestin R. Swartley, Bar No. 279445
    sswartley@littler.com
3   LITTLER MENDELSON, P.C.
    50 W. San Fernando, 7th Floor
4   San Jose, California 95113.2431
    Telephone:    408.998.4150
5   Facsimile:    408.288.5686

6

7   Attorneys For Defendant
    GOOGLE LLC

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11  ERIC RAHMAN, an individual,                    | Case No.:

12              Plaintiff,                          | **DECLARATION OF ROBERT J. WILGER IN SUPPORT OF DEFENDANT GOOGLE LLC'S**

13       v.                                         | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

14  GOOGLE LLC, a Delaware limited liability
    company; and DOES 1 through 20, inclusive,      | **[28 U.S.C. §§ 1332, 1441, & 1446]**

15
                Defendants.                         | Trial Date:    None Set
16                                                  | Complaint Filed: 5/12/25

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

# DECLARATION OF ROBERT J. WILGER

I, Robert J. Wilger, hereby declare as follows:

1.    I am an attorney with the law firm of Littler Mendelson, P.C., attorneys for Defendant Google LLC in the above-entitled matter. I am duly licensed to practice law before this Court and all courts in the State of California. I have personal knowledge of the facts set forth in this declaration, except such facts that are made upon information and belief, and, if called upon to do so, could and would competently testify thereto.

2.    As an attorney handling this matter, I am familiar with documents that have been served on Google LLC.

3.    I have also reviewed the online docket available on the Santa Clara County Superior Court's website for this matter, including as of today's date, and am familiar with the documents on file in this matter, as well as the notices and orders issued by the Court.

4.    On May 12, 2025, Plaintiff Eric Rahman filed a Complaint against Defendant and various Doe defendants in the Superior Court of the State of California, Santa Clara County, Case No. 25CV465695 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit 1. On May 21, 2025, Defendant was served with the Summons and Complaint in the State Court Action. A true and correct copy of the Summons in the State Court Action is attached hereto as Exhibit 2. A true and correct copy of the Civil Case Cover Sheet in the State Court Action is attached hereto as Exhibit 3. A true and correct copy of the Proof of Service of Summons in the State Court Action is attached hereto as Exhibit 4. DOES 1 through 20 are unnamed and unknown, and to Defendant's knowledge, have not been identified and served.

5.    The documents attached hereto as Exhibits 1 to 4 constitute all process, pleadings, and orders filed in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. A true and correct copy of the State Court Action's docket in this matter which was printed as of the date of this declaration is attached hereto as Exhibit 5.

6.    To Defendant's knowledge, no proceedings related hereto have been heard in this action.

7.    Defendant will file a responsive pleading with this Court pursuant to Federal Rule of Civil

2

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California 95113.2431
408.998.4150

Procedure 81(c)(2).

8.    Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of the Notice of Removal of Action under 28 U.S.C. section 1331 shall be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara, and served upon Plaintiff.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 18, 2025 at San Jose, California.

Robert J. Wilger

4916-3017-7355.4 / 048891.1060

DECLARATION OF ROBERT J. WILGER ISO OF DEFENDANT GOOGLE LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# Exhibit 1

E-FILED
5/12/2025 7:35 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV465695
Reviewed By: Y. Chavez

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
STEVEN M. BUHA (BAR NO. 271798)
sbuha@girardbengali.com
GIRARD BENGALI, APC
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile:  (323) 302-8310

Attorneys for Plaintiff ERIC RAHMAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ERIC RAHMAN, an individual, | Case No. 25CV465695 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| GOOGLE LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, | 1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| Defendants. | 2. **VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(a) – DISCRIMINATION BASED ON MILITARY STATUS** |
| | 3. **VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(k) – FAILURE TO PREVENT DISCRIMINATION** |
| | 4. **VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(h) – RETALIATION** |
| | 5. **VIOLATION OF USERRA (38 U.S.C. § 4311 [DISCRIMINATION/ RETALIATION])** |
| | 6. **BREACH OF CONTRACT** |
| | 7. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | 8. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE** |

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

**9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**JURY TRIAL REQUESTED**

Plaintiff ERIC RAHMAN complains of Defendants GOOGLE LLC, and DOES 1 through 20, inclusive (collectively, "Defendants").  Plaintiff alleges the following facts and causes of action against Defendants, and each of them, and hereby requests a jury trial.

## <u>THE PARTIES</u>

1.      Plaintiff ERIC RAHMAN ("Plaintiff") was, at all relevant times herein mentioned, an individual residing in Clearwater, Florida.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant GOOGLE LLC (hereafter, "Google"), is a Delaware limited liability company with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3.      Plaintiff is presently unaware of the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants DOES 1 through 20, inclusive, or any of them, and therefore sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the acts, omissions, and events alleged herein, and has proximately caused damages and injury to Plaintiff as herein alleged.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, at all relevant times herein mentioned, were each qualified to do business, and regularly did do business, in the State of California, County of Santa Clara.

5.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein mentioned, each of the Defendants was and now is the agent, servant, employee,

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

representative and/or alter ego of each of the remaining Defendants and, in doing the things hereinafter mentioned, in addition to acting for his/her/its/their own best interest and on his/her/its/their behalf, was acting within the scope of his/her/its/their authority as such agent, servant, employee, representative and/or alter ego, with the knowledge, permission and consent of the remaining Defendants, and with such a unity of interest that there is no distinction between the Defendants.

## JURISDICTION AND VENUE

6.    The California Superior Court has jurisdiction in this matter pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." There are no applicable statutes under which this action is brought that specify any other specific basis for jurisdiction.

7.    The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

8.    The California Superior Court also has jurisdiction over Defendants because they are corporations and/or entities and/or persons with sufficient minimum contacts in California, are citizens of and/or domiciled in California, and/or otherwise intentionally avail themselves of the California market by regularly conducting business in California and deriving substantial income within California, such that the exercise of jurisdiction over them by the California courts is consistent with traditional notions of fair play and substantial justice.

9.    Venue is proper in the Superior Court of California, County of Santa Clara, pursuant to California *Code of Civil Procedure* § 395, *et seq.*, in that liability arose there because at least some of the acts and omissions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, exists, and/or has an agent therein.

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

## GENERAL ALLEGATIONS

10.     Plaintiff Eric Rahman was employed by Google, as part of its "Public Sector" division, from June 29, 2020, until the wrongful termination of his employment on or about March 31, 2023. Plaintiff has concurrently served as a reservist in the United States Army as a Brigade Commander. Plaintiff has proudly served this country for more than 30 years. Google ultimately decided to terminate Plaintiff's employment while he was serving in the military reserve and away on military duty.

11.     During his tenure, Plaintiff was a dedicated and loyal employee who consistently performed his duties with diligence and professionalism. In fact, his Q1 2021 Performance Feedback noted that he "Consistently Me[t] Expectations" and included the following positive comments:

•     Christian Burbach, Plaintiff's manager: *"Eric is extremely passionate and it shows in his direct customer engagements as well as his extracurricular work. It is very evident that Eric leverage[s] this passion and his exceptional knowledge of the customer and is extensive network/relationships with senior leaders to lead outstanding senior level customer engagements. Eric has been critical in developing traction with key senior leaders throughout the Army. In regards to his extracurricular work – Eric has improved the Google DoD brand with many external events including a podcast and an impactful social media presence."*

•     Rob Waters, Plaintiff's peer: *"Eric is effective at owning the room and taking the lead on critical sales efforts and opportunities for the Army. He is a persuasive communicator and easily builds rapport with customers and colleagues for engagements. Specifically, Eric is leading a critical Workspace opportunity across Army Enterprise Network with a potential user base of 1.4 million Army soldiers. Eric is working closely across multiple teams and management to validate and communicate requirements and pilot milestones as expected from both a Google internal and customer perspective."*

•     Mr. Burbach's overall feedback on Plaintiff: *"This is my most difficult review to write across the team because on the one hand Eric does exceptionally in certain areas*

4

*like customer engagement, chasing large opportunities, impactful media/social media presence, and assisting others within Google including active presence with Vetnet, support of the GAPP team, and other Veteran/DoD related activities; On the other hand some basics are still lacking. I attribute a lot of this to COVID restrictions as he has not had a chance to see a real full day in a Google office or what the pace, collaboration and level of activity are usually like. Eric is not alone in this respect."*

12. Plaintiff's stellar work performance continued into the following year, as noted by his Q1 2022 Performance Feedback:

• Mr. Burbach: *"Eric's strength is definitely his ability to engage with senior Army/DoD leaders. He has extensive relationships, quickly forges new ones, develops a strong plan engagement plan, and runs very strong meetings with these senior leaders. He has taken these strengths and developed a plan to have regular EBC level meetings across the Army which will be very beneficial to the Army team."*

• Anthony Pasquesi, Plaintiff's peer: *"Eric does a great job of engaging senior leaders, building Google Cloud's credibility, and explaining how Google can help the mission in very clear terms. He has done this very well with USARC, TX NGB, and USASOC. In addition, he has done a great job of generating interest at the Army CIO, including brokering introductions to our CEO."*

• Mr. Burbach: *"In reviewing Eric's past performance and reviews, I find that this review is very similar to previous ones. Eric has some amazing strengths – particularly during senior leader engagements and efforts/knowledge around Workspace. He is well rounded in his extra-curricular activities often participating in Vetnet discussions/events, engaging with the GAPP team, and a strong social media presence. Eric's passion and activities paint the picture of a strong future…"*

13. Plaintiff's position with Google was as a Field Sales Representative, and he was specifically hired due to his network and reputation within the United States Army Reserve. When he was first hired by Google, Plaintiff arranged a meeting with all Google Executives and Dr. Raj

COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

Iyer, the U.S. Army Chief Information Officer (or "CIO"), to discuss "Project Maven," an artificial intelligence (or "AI") tool designed by the U.S. Department of Defense to process imagery and full-motion video from drones and other surveillance assets to detect potential threats and to speed the use of AI across the military. Due to public relations issues having nothing to do with Plaintiff's efforts or expertise, and notwithstanding Plaintiff's network providing unparalleled access and opportunities to Google Senior Executives, Project Maven was ultimately a failure.

14.     Plaintiff then turned his sights to Army Workspace. Plaintiff's efforts and results were the product of years of hard work and three decades of relationships, many of which he tapped into to secure the single largest Workspace opportunity in all of Google. For over a decade, Microsoft 365's largest account was with the U.S. Army. Notwithstanding that, the naysaying of his manager(s), and Google's inferior security protocols, Plaintiff focused his energy on closing an Army Workspace deal. The deal was comprised of three components: Active Duty, Army National Guard and Army Reserve. Plaintiff not only arranged for multiple meetings with the aforementioned Dr. Iyer, but also utilized his strategic network with General Daniel R. Hokanson (the Chief of Army National Guard) and Major General Gregory J. Mosser (Deputy Commanding General of Army Reserve) to form a framework for an unprecedented 2,000 person pilot of Workspace. Plaintiff's efforts at Google, and his consummate focus on Army Workspace, resulted in a more than $18.8 million sale to the U.S. Army, with immeasurable future and ancillary benefits as a result.

15.     On or around February 11, 2021, Mike Daniels, the Vice President of Global Public Sector for Google Cloud, advised Senior Google Executives, including Thomas Kurian (the CEO of Google Cloud), of the massive opportunity Plaintiff brought to Google (i.e., Army Workspace). Mr. Daniels acknowledged that the U.S. Army had over 1 million users on Microsoft, and that the U.S. Army was paying Microsoft approximately $800 million over five years. Robert Enslin, Google Cloud's President and top executive in charge of global sales under Mr. Kurian, remarked that this opportunity that Plaintiff brought to Google was a "must win." John Jester, a VP of the Google Cloud Customer Experience, noted that Plaintiff's efforts marked "huge opportunities [for]

1   one of Microsoft's largest office customers." Mr. Daniels, referring to Plaintiff, noted: "…our DoD

2   team [i.e., Department of Defense team] has the CIO relationship that we are using to drive this."

3   Indeed, Plaintiff was the very person who had that aforementioned "CIO relationship" with Dr.

4   Iyer.

5          16.    In June 2021, Plaintiff led the first of several meetings with Dr. Iyer and Google

6   Executives, including Mr. Kurian. Following that meeting, Mr. Kurian noted that Plaintiff would

7   be Google's "primary POC" (point of contact) to coordinate follow-up meetings. By July 2021, it

8   was clear that the U.S. Army wanted the deal to move forward, but Google could not close the

9   deal due to certain internal compliance issues which had nothing to do with Plaintiff.

10         17.    In December 2021, Plaintiff led the executive brief and meeting(s) with Dr. Iyer,

11  Mr. Kurian, and numerous others regarding the Army Workspace deal. Thereafter, Mr. Rahman

12  was tasked with drafting congratulatory correspondence to senior defense officials on behalf of

13  Mr. Sundar Pichai, CEO of Alphabet, Inc. (Google's parent company).

14         18.    In early 2022, however, it became clear that Mr. Burbach (Plaintiff's direct

15  supervisor, as identified above) was beginning to sideline Plaintiff, cut him out of direct

16  communications, and altogether denigrate his efforts on Army Workspace. At that same time,

17  including on or about March 23, 2022, Mr. Burbach was informing *his* supervisors, Lynn Martin

18  and Shannon Sullivan, that he expected Army Workspace PSOs in mid-April 2022 totaling

19  $1,000,000 and a license purchase in June 2022 totaling approximately $9,000,000.

20  Notwithstanding that, Mr. Burbach's Q1 2022 review for Plaintiff directed him to "stop focusing

21  on [Army W]orkspace."

22         19.    On May 1, 2022, it was clear from a meeting between Mr. Kurian and Dr. Iyer that

23  the U.S. Army was ready to finalize the Workspace deal with Google. Mr. Kurian advised that

24  U.S. Army was on a very short schedule and expected to sign up in June 2022 and "Go Live" for

25  a "huge number of users" in three months. The deal was imminent, but rather than reward Plaintiff,

26  it was clear that Mr. Burbach was looking to remove Plaintiff from the DoD team altogether,

27  thereby avoiding very large commissions that were coming due for Plaintiff. Concurrently,

28

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

7

COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

Plaintiff notified Google of his impending military leave orders, requiring him to be on military leave from June 10, 2022 through July 15, 2022.

20.     On May 24, 2022, mere weeks before Plaintiff's impending military leave, Mr. Burbach placed Plaintiff on a performance improvement plan (or "PIP") that purported to discipline Plaintiff for "poor performance," notwithstanding the closing of the Army Workspace deal that originated from Plaintiff's efforts and that was being celebrated internally within Google.[1] Mr. Burbach further memorialized his discussion with Plaintiff regarding this purported PIP, in which Mr. Burbach stated the following (emphasis added):

> *Following up on our chat yesterday:*
>
> - *Based on the discussion we had, **we will need to move you off of the Army team this week given that you will exceed 60 days of active service with the Army and as a result can no longer legally make sales to the Army.** I will work with Sales Ops to make this happen.*
>
> - ***Since you are moving to a new territory, the PIP has been extended to 45 days** to provide some additional ramp-up time.*
>
> - *Since you have vacation already scheduled for next week, the updated PIP is attached reflecting a start date of 8 June when you return from leave and ending on 29 Aug which **takes into account the Military leave you have planned from 10 June through 17 July**.*
>
> ***Please let us know by COB Friday 27 May on your decision to either resign** and accept the severance package or proceed with the PIP.*

21.     The decision to place Plaintiff on this purported PIP, and the underlying basis for that decision, is reflective of an act of abject retaliation against Plaintiff for following the directives of the U.S. Army as part of his Command role, in addition to conjuring up an excuse to avoid paying Plaintiff the commissions to which he was entitled for his role in originating the Army Workspace deal. To wit, no support was given the determination that there was a threshold 60-day

---

[1] In that regard, Alphabet and Google CEO Sundar Pichai specifically referenced the Workspace deal in the Alphabet Q3 2022 Earnings Call that took place on October 25, 2022.

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

limitation of active service with the Army. Nor was any explanation given as to why Plaintiff could not have remained on the DoD team in a role that did not involve "mak[ing] sales to the Army," such as, for instance, focusing on calling combatant commands and/or the National Guard Bureau, or working in a behind-the-scenes role rather than in Army-facing sales calls.

22.     Furthermore, in a subsequent telephone call with Plaintiff, Mr. Burbach verbally harassed Plaintiff, blaming Plaintiff for being moved off of the DoD team, stating: "it was [Plaintiff's] choice… it's a legal thing… [Plaintiff] went against the policy, [he] went over the days…" When Plaintiff responded to Mr. Burbach that he was simply following Army directives, Mr. Burbach responded: "… nobody else at [Google] has that problem… Mike McGinley does not have that problem… [Google has] a two star General at Anduril that does not have a problem with it… because they watch it and they know they can push back and tell the Army that is against [Google policy]." As such, Plaintiff's purported "poor performance" was simply his not "pushing back" on the U.S. Army assigning him to active military duty in June-July 2022. At no time leading up to this purported PIP was Plaintiff ever informed that his job performance was suffering or otherwise not consistent with his glowingly-positive Q1 2022 Performance Feedback from just a few months prior (as addressed above), in which Mr. Burbach – as he also did in the aforementioned Q1 2021 Performance Feedback – had nothing but high praise for Plaintiff's strength and passion.

23.     As such, Plaintiff was placed in the untenable position of having a mere three days – from May 24, 2022 (when he was first informed of the purported PIP) to May 27, 2022 – to either "resign" or be moved to an entirely new territory. In addition, the "extended" 45 days to provide "some additional ramp-up time" – couched as some sort of courtesy to Plaintiff – was an entirely illusory gesture, as those 45 days would fall in between Plaintiff's known and approved military leave. Plaintiff ultimately chose to be moved to that new territory (the 4th Estate territory) rather than resign. Plaintiff has since learned that Google *backdated* his purported PIP to May 3, 2022 (even though Plaintiff was only informed of the PIP on May 24, 2022), *and* further backdated

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

his move to the 4th Estate territory by several weeks as well, notwithstanding that Plaintiff was continuing to work on the Army Workspace deal well into late May 2022.

24.    It had now become clear that Mr. Burbach and Google Executives were hell bent on terminating Plaintiff's employment, just as Google was on the verge of earning significant money – to wit, almost $18,000,000 in licenses for Army Workplace on July 3, 2022 – as a result of the Army Workspace deal that could not have been accomplished if not for Plaintiff's personal relationship with Army CIO Dr. Iyer and Plaintiff's extreme "against all odds" efforts. As a result of Google's actions, Plaintiff was denied commissions of as much as $1,050,000 in total. At a minimum, had Google waited until after Plaintiff's return from military leave to remove him from the DoD team – notwithstanding that Plaintiff should have never been removed from the DoD team in the first place – Plaintiff would have been paid more than $600,000 in commissions for deals he had consummated. Instead, Plaintiff was deprived of all such commissions to which he was entitled. Meanwhile, all of the DoD team members with whom Plaintiff worked on the Army Workspace deal received their respective share of commissions, and likely bonuses as well.

25.    Plaintiff also would have received credit for having exceeded his sales goals had he not been removed from the DoD team, as Plaintiff had the same number of "Wins" (4) up to the time of his removal from the DoD team *in May 2022* as the highest performers in the DoD group *through March 2023*. Yet and still, multiple members of the DoD team with fewer than four "Wins" were neither placed on PIP nor selected for layoff.

26.    On July 25, 2022, as a result of his unlawful transfer off of the DoD team, the adverse employment action of his undeserved PIP, and the failure and refusal to compensate him with his earned compensation (through commissions on the Army Workspace and other consummated deals), Plaintiff filed a USERRA (Uniformed Services Employment and Reemployment Rights Act) Complaint against Google. Google was informed of Plaintiff's USERRA Complaint on or about August 3, 2022.

27.    Following Plaintiff's USERRA Complaint, Mr. Burbach and Google required Plaintiff to provide documentation from the Army Reserve, or to file for an exception to policy, in

order to be paid his commissions due and owing on Army Workspace. Google had *never* asked its National Guard representatives or anyone else on Plaintiff's (or others') team(s) for similar proof. Importantly, this request for proof was not only made after Plaintiff filed his USERRA Complaint, but also a mere *four days after* a representative from the U.S. Department of Labor contacted Google for a response to Plaintiff's allegations in the USERRA Complaint, reflecting a clear intent to retaliate against Plaintiff for filing the USERRA Complaint in the first place.

28.    In response to Google's inexplicable effort to violate state and federal law and avoid responsibility for determining when, whether and how to pay its employees, Plaintiff obtained an ethics opinion from Lieutenant Colonel Edward J. Riffle, JA Brigade Judge Advocate, on August 10, 2022, which stated that Plaintiff was "not deemed a Special Government Employee as defined by federal statute 10 USC §202" – in other words, it was improper for Google to withhold Plaintiff's earned commissions subject to providing documentation or filing an exception, as Google had required of Plaintiff. The ethics opinion provided Lieutenant Colonel Riffle's contact information and cell phone number. Notwithstanding that, Google responded on August 24, 2022, stating that Plaintiff needed to obtain a *revised* memorandum from the Judge Advocate's office and, for the first time, that it "would be prudent to have the Department of Defense Standards of Conduct Office review and sign off on the ultimate submission from the Judge Advocate." At no point did Google contact Mr. Riffle or seek to determine whether *it had an obligation to pay earned commissions to Plaintiff*. Instead, Google believed it was appropriate to ignore its legal obligations and place the onus on Plaintiff to *prove* that he should be paid (and to bicker with said proof once provided). Ultimately, Plaintiff was not paid his earned commissions.

29.    Following a second short military service leave from July 25-28, 2022, Plaintiff was again reassigned to a new territory – the Federally Funded Research and Development Centers – mere months after having just been reassigned to the 4th Estate territory. Worse yet, Plaintiff was also denied commissions he had earned during his tenure in the 4th Estate territory – just as he had been denied earned commissions from his tenure with the DoD team.

GIRARD BENGALI, APC
355 South Grand Ave., Suite 2450
Los Angeles, California 90071
(323) 302-8300

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

30.     Plaintiff was later assigned to military leave from January 3, 2023, through March 20, 2023. Despite being on approved military leave, Plaintiff was notified on January 20, 2023 that his employment with Google was being terminated, and that his final day of work would be March 31, 2023. Upon returning from his protected military leave, Plaintiff informed Google that he wished to be reinstated to his position. Google refused.

31.     Thereafter, on March 30, 2023, Plaintiff sent an email to Google advising that not only did Google backfill Plaintiff's original position, but it maintained postings for two open positions on Plaintiff's team as of that date, and there was no legitimate basis to refuse to reinstate Mr. Rahman. Notwithstanding that, Google continued to refuse to reinstate Plaintiff – neither to his prior position, nor to a position with the same benefits and seniority. In addition to the aforementioned earned commissions that were never paid to Plaintiff (both from deals consummated as part of the DoD team, including but not limited to the Army Workspace deal, and his work in the 4th Estate territory), Google's failure and refusal to reinstate Plaintiff caused Plaintiff to forfeit more than $300,000 of equity in Google to which he was entitled.

32.     Plaintiff is informed and believes, and based thereon alleges, that he has exhausted all administrative remedies and fulfilled all statutory conditions precedent to the institution of this lawsuit.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

33.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

34.     Plaintiff was wrongfully discharged by Defendants in violation of important and well-established public policies. It is a violation of public policy to discharge someone based upon their military status, as set forth in various state statutes, including but not limited to California's Fair Employment and Housing Act ("FEHA"). Plaintiff's military status was a substantial

12
COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

1    motivating factor in his discharge.

2        35.    Accordingly, as a direct and proximate result of Defendants' conduct in violation

3    of fundamental public policy, Plaintiff has suffered and will continue to suffer damages in terms

4    of lost wages, bonuses, benefits and other pecuniary losses, in addition to suffering physical and

5    emotional injuries including stress, humiliation, embarrassment, and anxiety. The amount of

6    Plaintiff's damages continue to grow and will be ascertained at trial.

7        36.    Because Defendants' misconduct was pervasive, willful, malicious and oppressive,

8    Plaintiff is further entitled to punitive damages in an amount sufficient to deter Defendants from

9    engaging in such misconduct in the future.

10                          **SECOND CAUSE OF ACTION**

11        **VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(a) –**

12                  **DISCRIMINATION BASED ON MILITARY STATUS**

13                            **(Against All Defendants)**

14        37.    Plaintiff incorporates by reference and realleges each and every one of the

15    allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

16    forth herein.

17        38.    Under California's Fair Employment and Housing Act (Cal. Govt. Code §§ 12940,

18    *et seq.*, or "FEHA"), it is unlawful for any employer to discharge a person from employment, or

19    discriminate against a person in terms, conditions or privileges of employment, based upon, among

20    other things, military status. Cal. Govt. Code § 12940(a).

21        39.    Plaintiff was subjected to discrimination by Defendants based on his military status,

22    as evidenced by, among other things, his being transferred off the DoD team, being placed on a

23    performance improvement plan, and being deprived earned compensation, as a result of his being

24    assigned to active military duty, purportedly in violation of Google policy, and not "pushing back"

25    on the U.S. Army for assigning him to active military duty. In addition, Plaintiff was discriminated

26    against by Defendants for filing the USERRA Complaint – a right afforded to him as a result of

27    his military status – due to the aforementioned conduct of Defendants, and, as a result thereof, was

28

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

1 further denied earned compensation, transferred to yet another territory, and, ultimately,

2 discharged from his position of employment with Google.

3    40.    A discrimination case under FEHA requires that:

4         a)    Plaintiff was a member of a protected class (which, in light of his military

5              status, he was);

6         b)    Plaintiff was qualified and performing competently in the position he held

7              (as evidenced by his plethora of positive feedback and reviews, as alleged

8              herein);

9         c)    Plaintiff suffered an adverse employment action, such as discharge; and

10         d)    "circumstances suggesting that the employer acted with a discriminatory

11              motive."

12    41.    As detailed above, Plaintiff suffered unlawful discrimination based upon his

13 military status. As evidenced by the glowing accolades provided in every performance review of

14 Plaintiff, Plaintiff was well qualified for his position and provided services to Defendants that were

15 exceptional and recognized as an asset to Defendants. Plaintiff's discharge – in addition to the PIP,

16 transfers to other territories and denial of earned compensation pre-dating that discharge – was an

17 adverse employment action, and his military status was a substantial motivating reason for such

18 wrongful discharge. Because Plaintiff's purported "poor performance" only arose after he advised

19 of his impending military leave, and only after he stood to be paid significant compensation for

20 his role in securing the Army Workspace deal, it bears out that there were "circumstances

21 suggesting that the employer acted with a discriminatory motive."

22    42.    Even if Defendants argue that there were other motivating factors, there is clearly

23 a causal connection between Plaintiff's military status and Defendants' adverse employment

24 action(s). *See*, *Mixon v. Fair Employment and Housing Com.* (1987) 192 Cal.App.3d 1306, 1319

25 ("While a complainant need not prove that [discriminatory] animus was the sole motivation behind

26 a challenged action, he must prove by a preponderance of the evidence that there was a 'causal

27 connection' between the employee's protected status and the adverse employment decision.").

28

43.     Accordingly, as a direct and proximate result of such FEHA violations, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other pecuniary losses, in addition to suffering physical and emotional injuries including stress, humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained at trial.

44.     Because Defendants' misconduct was pervasive, willful, malicious and oppressive, Plaintiff is further entitled to punitive damages in an amount sufficient to deter Defendants from engaging in such misconduct in the future. Punitive damages are available under FEHA. *See*, *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1147-1148 (FEHA "does not itself authorize punitive damages", however, it is "settled that California's punitive damages statute, *Civil Code* [§] 3294, applies to actions brought under" FEHA).

45.     FEHA also provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has also incurred, and continues to incur, attorneys' fees and costs for the initiation and prosecution of this action and is entitled to an award of his attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(k) –

### FAILURE TO PREVENT DISCRIMINATION

### (Against All Defendants)

46.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

47.     Under FEHA, it is unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Govt. Code § 12940(k). "The employer's duty to prevent harassment and discrimination is affirmative and ***mandatory***." *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th 1021, 1035 (emphasis added).

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

15

COMPLAINT

48.     Here, Defendants made no effort whatsoever to prevent the discrimination Plaintiff suffered at the hands of Defendants' management, including but not limited to Plaintiff's direct supervisor, Mr. Burbach.

49.     As a direct and proximate result of Defendants' FEHA violations, in failing to prevent the discrimination suffered by Plaintiff, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other pecuniary losses, in addition to suffering physical and emotional injuries including stress, humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained at trial.

50.     Because Defendants' misconduct was pervasive, willful, malicious and oppressive, Plaintiff is further entitled to punitive damages in an amount sufficient to deter Defendants from engaging in such misconduct in the future. Punitive damages are available under FEHA.  *See*, *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1147-1148 (FEHA "does not itself authorize punitive damages", however, it is "settled that California's punitive damages statute, *Civil Code* [§] 3294, applies to actions brought under" FEHA).

51.     FEHA also provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has also incurred, and continues to incur, attorneys' fees and costs for the initiation and prosecution of this action and is entitled to an award of his attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## VIOLATION OF *CALIFORNIA GOVERNMENT CODE* § 12940(h) –

## RETALIATION

### (Against All Defendants)

52.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

53.     Under FEHA, it is unlawful for any employer to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

1  part or because the person has filed a complaint, testified, or assisted in any proceeding under this

2  part." Cal. Govt. Code § 12940(h).

3      54.    Plaintiff was a member of a protected class (given his military) and filed a

4  USERRA Complaint regarding the discrimination he suffered as the hands of Defendants, as

5  alleged above.

6      55.    Following Plaintiff's filing of the USERRA Complaint, Defendants wrongfully

7  terminated Plaintiff's employment in retaliation for making the USERRA Complaint.

8      56.    Plaintiff's discharge was an adverse employment action, and his USERRA

9  Complaint was a substantial motivating reason for such wrongful discharge. Plaintiff was harmed

10  by Defendants' wrongful termination of his employment, and said wrongful termination was a

11  substantial factor in causing Plaintiff's harm.

12      57.    Accordingly, as a direct and proximate result of such misconduct, Plaintiff has

13  suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other

14  pecuniary losses, in addition to suffering physical and emotional injuries including stress,

15  humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and

16  will be ascertained at trial.

17      58.    Because Defendants' misconduct was pervasive, willful, malicious and oppressive,

18  Plaintiff is further entitled to punitive damages in an amount sufficient to deter Defendants from

19  engaging in such misconduct in the future. Punitive damages are available under FEHA.  *See*,

20  *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1147-1148 (FEHA "does not itself

21  authorize punitive damages", however, it is "settled that California's punitive damages statute,

22  *Civil Code* [§] 3294, applies to actions brought under" FEHA).

23      59.    FEHA also provides for an award of reasonable attorneys' fees and costs incurred

24  by a prevailing plaintiff in an action brought under its provisions. Plaintiff has also incurred, and

25  continues to incur, attorneys' fees and costs for the initiation and prosecution of this action and is

26  entitled to an award of his attorneys' fees and costs.

27

28

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

17

COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

## FIFTH CAUSE OF ACTION

## VIOLATION OF USERRA (38 U.S.C. § 4311 [DISCRIMINATION/RETALIATION])

### (Against All Defendants)

60.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61.    The Uniformed Services Employment and Reemployment Rights Act (or "USERRA," 38 U.S.C. §§ 4301 *et seq.*) sets forth the statute's express purpose, in 38 U.S.C. § 4301(a), as follows: *"(1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services."*

62.    38 U.S.C. § 4311(a) states: *"A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."*

63.    38 U.S.C. § 4311(b) provides, in pertinent part: *"An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter. . . or (4) has exercised a right provided for in this chapter."*

64.    An employer violates USERRA if any employee's *"membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would*

*have been taken in the absence of such membership, application for membership, service,*
*application for service, or obligation for service."* 38 U.S.C. § 4311(c)(1).

65.     Plaintiff is and was, at all relevant times herein, a reservist in the United States
Army as a Brigade Commander and, as such, an employee who was protected under USERRA
from discrimination and retaliation.

66.     As alleged herein, Plaintiff's military service and veteran status were motivating
factors in Defendants' discrimination against, retaliation against, and wrongful termination of the
employment of Plaintiff.

67.     Accordingly, as a direct and proximate result of such misconduct, Plaintiff has
suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other
pecuniary losses, in addition to suffering physical and emotional injuries including stress,
humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and
will be ascertained at trial.

68.     Because Defendants' misconduct was pervasive, willful, malicious and oppressive,
Plaintiff is further entitled to liquidated damages, in an amount equal to the aforementioned lost
wages and benefits suffered by Plaintiff, pursuant to 38 U.S.C. § 4323(d)(1)(C).

69.     USERRA also provides for an award of reasonable attorneys' fees, expert witness
fees, and other litigation expenses incurred by a prevailing plaintiff in an action brought under its
provisions. *See*, 38 U.S.C. § 4323(h). Plaintiff has also incurred, and continues to incur, attorneys'
fees and costs for the initiation and prosecution of this action and is entitled to an award of his
attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against All Defendants)

70.     Plaintiff incorporates by reference and realleges each and every one of the
allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set
forth herein.

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

71.     There is no argument that there are contracts between the parties that governed their working relationship. "A statement of a cause of action for breach of contract requires a pleading of (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom." *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913. Plaintiff performed all duties required under the agreement(s) between the parties, excluding those from which he was excused. Defendants, and each of them, materially breached these contracts by the misconduct detailed above, thus denying Plaintiff the benefit of the bargain.

72.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other pecuniary losses, in addition to suffering physical and emotional injuries including stress, humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained at trial.

### SEVENTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

#### (Against All Defendants)

73.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

74.     "[E]very employment contract includes a covenant of good faith and fair dealings between the parties," that "forbears either party from doing anything which will injure the right of the other to receive the benefits of the agreement." *Foley v. U.S. Paving Co.* (1968) 262 Cal.App.2d 499, 505; *see also*, *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 349-50 (covenant exists "to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made."). By breaching the contracts entered into by the parties, Defendants have frustrated Plaintiff's ability to receive the benefit of his bargains, including but not limited to compensation to which he is due.

COMPLAINT

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

75.    In *Guz*, *supra*, 24 Cal.4th at 353, fn. 18, the California Supreme Court recognized that the covenant "might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled…" As detailed above, Defendants cheated Plaintiff out of the benefits that were promised and/or conferred upon him by virtue of the employment relationship.

76.    As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing inherent in the employment contracts between the parties, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, bonuses, benefits and other pecuniary losses, in addition to suffering physical and emotional injuries including stress, humiliation, embarrassment, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE

### (Against All Defendants)

77.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

78.    Section 17200 of the California Business & Professions Code, known as the California Unfair Business Practices Act, prohibits all business practices that are "unlawful, unfair or fraudulent." "Unfair competition" is defined as "any unlawful, unfair or fraudulent business act or practice." *Id*.

79.    The legislature intended the language of the California Unfair Business Practices Act that prohibits unfair competition to include anything that could properly be called a business practice and that at the same time is forbidden by law. Cal. Bus. & Prof. Code § 17200.

80.    When determining whether a practice is unlawful, the statute borrows violations of other laws, and makes them independently actionable under the Act. Thus, virtually any law, whether federal, state or local, can serve as a predicate for a California Unfair Business Practices

1  Act claim, unless the defendant is privileged, immunized by another statute, or the predicate statute

2  expressly bars its enforcement under the Act. *Ballard v. Equifax Check Services, Inc*., (2001) 158

3  F. Supp. 2d 1163, 1176 (9th Cir.). Defendants are not privileged nor immunized, and enforcement

4  against them is not barred.

5      81.     As a direct and proximate result of Defendants' violations of FEHA – by way of

6  discriminating against Plaintiff based on his military status, failing to prevent said discrimination

7  suffered by Plaintiff, and further retaliating against Plaintiff for his filing of the USERRA

8  Complaint – Plaintiff is entitled to disgorgement of all ill-gotten gains so as to restore Plaintiff all

9  monies which Defendants obtained through an unfair business practice, including but not limited

10  to all lost wages, bonuses, benefits and other pecuniary losses to which Plaintiff was entitled and

11  had been earned by way of his employment. The amount to be disgorged continues to grow and

12  will be ascertained at trial.

13                              **NINTH CAUSE OF ACTION**

14              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

15                              **(Against All Defendants)**

16      82.     Plaintiff incorporates by reference and realleges each and every one of the

17  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

18  forth herein.

19      83.     The conduct of Defendants, including the actions alleged above, constitutes

20  extreme and outrageous conduct against Plaintiff. Defendants engaged in this conduct with the

21  intention of causing, or in reckless disregard of the probability of causing, emotional distress of

22  Plaintiff.

23      84.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will

24  continue to suffer severe and/or extreme emotional distress and emotional injuries, including

25  nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort,

26  fatigue, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained

27  at trial.

28

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

85.     Because Defendants' misconduct was pervasive, willful, malicious and oppressive, under California *Civil Code* §3294, Plaintiff is further entitled to punitive damages in an amount sufficient to deter Defendants from engaging in such misconduct in the future.

## TENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

86.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

87.     As an employee of Defendants, Plaintiff was owed a duty of care by Defendants, and each of them, to ensure that Plaintiff was not exposed to foreseeable harms.

88.     Defendants, and each of them, knew, or should have known, that Plaintiff was being subjected to discrimination, retaliation, and the wrongful termination of his employment, and that their failure to exercise due care to prevent such conduct would cause Plaintiff to suffer severe emotional distress.

89.     Defendants failed to exercise a duty of care to prevent their employees, managers, supervisors and/or officers from discriminating and/or retaliating against Plaintiff.

90.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer severe and/or extreme emotional distress and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages continue to grow and will be ascertained at trial.

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

On the First Cause of Action

1.    For damages in an amount to be proven at trial;

2.    For punitive and exemplary damages;

On the Second Cause of Action

3.    For damages in an amount to be proven at trial;

4.    For punitive and exemplary damages;

5.    For attorneys' fees and costs incurred by Plaintiff to prosecute the instant action;

On the Third Cause of Action

6.    For damages in an amount to be proven at trial;

7.    For punitive and exemplary damages;

8.    For attorneys' fees and costs incurred by Plaintiff to prosecute the instant action;

On the Fourth Cause of Action

9.    For damages in an amount to be proven at trial;

10.    For punitive and exemplary damages;

11.    For attorneys' fees and costs incurred by Plaintiff to prosecute the instant action;

On the Fifth Cause of Action

12.    For damages in an amount to be proven at trial;

13.    For liquidated damages;

14.    For attorneys' fees and costs incurred by Plaintiff to prosecute the instant action;

On the Sixth Cause of Action

15.    For damages in an amount to be proven at trial;

On the Seventh Cause of Action

16.    For damages in an amount to be proven at trial;

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

COMPLAINT

<u>On the Eighth Cause of Action</u>

17.    For injunctive relief in the form of an order compelling Defendants to disgorge any and all ill-gotten gains to which Plaintiff is entitled, in an amount to be proven at trial;

<u>On the Ninth Cause of Action</u>

18.    For damages in an amount to be proven at trial;

19.    For punitive and exemplary damages;

<u>On the Tenth Cause of Action</u>

20.    For damages in an amount to be proven at trial;

<u>On All Causes of Action</u>

21.    For prejudgment and post-judgment interest as allowed by law;

22.    For costs of suit incurred herein; and

23.    For such other and further relief as the Court may deem proper.

DATED: May 12, 2025                   Respectfully submitted,
                                      GIRARD BENGALI, APC

                              By:    _____
                                      ROBERT J. GIRARD II
                                      OMAR H. BENGALI
                                      STEVEN M. BUHA
                                      Attorneys for Plaintiff ERIC RAHMAN

GIRARD BENGALI, APC
355 SOUTH GRAND AVE., SUITE 2450
LOS ANGELES, CALIFORNIA 90071
(323) 302-8300

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury of all issues and causes of action so triable.

DATED: May 12, 2025

Respectfully submitted,
GIRARD BENGALI, APC

By:  _____
ROBERT J. GIRARD II
OMAR H. BENGALI
STEVEN M. BUHA
Attorneys for Plaintiff ERIC RAHMAN

Exhibit 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>GOOGLE LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>ERIC RAHMAN, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>5/12/2025 7:35 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>25CV465695<br>Reviewed By: Y. Chavez<br>Envelope: 19321691 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara County Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**25CV465695** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Omar H. Bengali, Girard Bengali, APC, 355 S. Grand Ave., Ste 2450, Los Angeles, CA 90071; 323-302-8300

| DATE: 5/12/2025 7:35 PM | Clerk of Court | Clerk, by Y. Chavez | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert J. Girard (SBN216949)/Omar Bengali (SBN276055)/Steven Buha (SBN271798)<br>GIRARD BENGALI, APC<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 323-302-8300    FAX NO.: 323-302-8310<br>ATTORNEY FOR *(Name):* Plaintiff ERIC RAHMAN | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/12/2025 7:35 PM<br>Reviewed By: Y. Chavez<br>Case #25CV465695<br>Envelope: 19321691** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

CASE NAME:
Eric Rahman v. Google LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25CV465695 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*  Ten (10)
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 12, 2025
Omar H. Bengali, Esq.
_____          ▶          _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Exhibit 4

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert J Girard II,Esq \| SBN: Bar No.216949<br>GIRARD BENGALI APC<br>355 S Grand Ave Suite 2450   Los Angeles, CA 90071<br><br>TELEPHONE NO.: (323) 302-8300 \| FAX NO. \| E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff: | FOR COURT USE ONLY<br><br>Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/22/2025 4:31 PM<br>Reviewed By: R. Fleming<br>Case #25CV465695<br>Envelope: 19459392 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

STREET ADDRESS: 191 N. FIRST ST.

MAILING ADDRESS:

CITY AND ZIP CODE: SAN JOSE, CA 95113

BRANCH NAME: DOWNTOWN SUPERIOR COURTHOUSE

PLAINTIFF: ERIC RAHMAN, an individual

DEFENDANT: GOOGLE LLC, a Delaware limited liability company, et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>25CV465695 |
| | Ref. No. or File No.:<br>1301-101 Eric Rahman |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☐ other (specify documents):

3. a. Party served (specify name of party as shown on documents served):
   **GOOGLE LLC, a Delaware limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
   **Crystal Rodriguez, Customer Service Associate, Authorized to accept - CSC Lawyers Incorporating Service, Agent for Service of Process**

   **Age: 30s Race: Hispanic Sex: Female Height: 5'4" Weight: 120 Hair: Black**

4. Address where the party was served: **CSC Lawyers Incorporating Service**
   **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party (check proper box)

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): **5/21/2025**   (2) at (time): **9:41 PM**

   b. ☐ **by substituted service.** On (date):   at (time):  I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on (date):   from (city):                          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

| PETITIONER: ERIC RAHMAN, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: GOOGLE LLC, a Delaware limited liability company, et al. | 25CV465695 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                     (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **GOOGLE LLC, a Delaware limited liability company**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **limited liability company** |

7. **Person who served papers**

a. Name: **D'Angelo Emiliano Contreras - ASAP Legal**

b. Address: **1607 James M. Wood  Los Angeles, CA 90015**

c. Telephone number: **(213) 252-2000**

d. **The fee** for service was: **$ 151.50**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner      ☐ employee      ☑ independent contractor.

(ii) Registration No.: **2022-030**

(iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/21/2025**

**ASAP Legal**
**1607 James M. Wood**
**Los Angeles, CA 90015**
**(213) 252-2000**
**www.asaplegal.com**

_____
**D'Angelo Emiliano Contreras**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

Exhibit 5

# 25CV465695

● Print

**ERIC RAHMAN vs GOOGLE LLC, a Delaware limited liability company**

**Case Information**

**Case Type:** Wrongful Termination Unlimited (36)
**Case Number:** 25CV465695
**Filing Date:** 5/12/2025
**Case Status:** Active
**Court Location:** Civil

## PARTIES

Show
All ⌄
entries

Search:

| ▲ Type | First Name | Middle Name | Last Name |
|---|---|---|---|
| Defendant | | | GOOGLE LLC, a Delaware limited liability company |
| Plaintiff | ERIC | | RAHMAN |

Showing 1 to 2 of 2 entries

Previous | 1 | Next

### Attorneys

Show
All ⌄
entries

Search:

| ▲ Representing | First Name | Middle Name | Last Name |
|---|---|---|---|
| ERIC RAHMAN | Omar | H | Bengali |

Showing 1 to 1 of 1 entries

Previous | 1 | Next

## EVENTS

Show
All ⌄
entries

Search:

| ▼ File Date | File Type | Filed By | Comment | Documents |
|---|---|---|---|---|
| 5/22/2025 | Proof of Service: Summons DLR (Civil) | ERIC RAHMAN, | Proof of Service of Summons/Complaint (Proof of Service) | 📄 |
| 5/12/2025 | New Filed Case | | | |
| 5/12/2025 | Complaint (Unlimited) (Fee Applies) | ERIC RAHMAN, | COMPLAINT FOR: 1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (Case Initiation) | 📄 |
| 5/12/2025 | Civil Case Cover Sheet | ERIC RAHMAN, | CIVIL CASE COVER SHEET (Comment) | 📄 |
| 5/12/2025 | Summons: Issued/Filed | ERIC RAHMAN, | SUMMONS (Summons) | 📄 |

Showing 1 to 5 of 5 entries

Previous | 1 | Next

## HEARINGS

Show
All ⌄
entries

Search:

| Department | Type | ▼ Date | Time | Result |
|---|---|---|---|---|
| Department 16 | Conference: Case Management | 10/9/2025 | 2:00PM | |

Showing 1 to 1 of 1 entries

Previous | 1 | Next