UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC RAHMAN,

   Plaintiff,

  v.

GOOGLE LLC,

   Defendant.

Case No. 25-cv-05171-PCP

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 34

Eric Rahman brings this lawsuit against Google, LLC arising from Google's March 2023 termination of Rahman's employment. Google moves to dismiss Rahman's breach of contract claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Google's motion.

**BACKGROUND**

Rahman was employed by Google from June 2020 through March 2023.[1] At the same time, he was an enlisted reservist in the Army. Rahman worked as a "Field Sales Representative." In that role, he helped Google secure a software sale to the United States Army worth nearly $19 million. Rahman alleges that, at some point during the deal, he was "sidelined" by his direct supervisor and was ordered to "stop focusing on" the software sale. Rahman claims this was because his supervisor wanted to "remove [him] from the DoD team altogether, thereby avoiding very large commissions that were coming due for Plaintiff." Rahman was placed on a performance improvement plan and removed from the DoD team in May 2022. He was later fired while "away on military duty" in early 2023.

Rahman filed suit on June 18, 2025. After the Court granted Google's motion to dismiss

---

[1] For the purposes of Google's Rule 12(b)(6) motion, the Court assumes the truth of the allegations in Rahman's complaint.

United States District Court
Northern District of California

certain claims in the first amended complaint, Dkt. 29, Rahman filed a second amended complaint, Dkt. 33 (SAC). Rahman alleges claims for: (1) discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301 *et seq.*, and (2) breach of contract. Google moves to dismiss Rahman's breach of contract claim under Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARDS

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

To plead a breach of contract claim, a plaintiff must "allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citing *Twaite v. Allstate Ins. Co.*, 216 Cal. App.

2

3d 239, 252 (1989)). These terms need not be "precis[e]" but should be clear enough to demonstrate what the material terms of the contract were. *Id*. The Court previously dismissed Rahman's breach of contract claim because he failed to allege the existence of a contract and a breach of its terms. Dkt. 29 at 4–5. Rahman has cured these deficiencies on amendment.

Rahman alleges that his employment agreement with Google placed him on a Sales Bonus Plan that entitled him to commissions and/or bonuses. SAC ¶ 40. He alleges that Google breached the terms of the bonus plan and his employment agreement by depriving him of earned commissions "for his role in originating the Army Workspace deal" and for his subsequent work on other teams. SAC ¶¶ 18, 25. The portion of the bonus plan submitted by Rahman contains a condition precedent ("to receive your quarterly bonus, you must be employed on the last day of the performance period aligned to the end of the quarter") and an eligibility clause ("you'll be told if you're on a sales bonus plan"). SAC ¶ 40. Previously, the Court found that Rahman did not adequately allege that he met either contingency under the bonus plan. Dkt. 29 at 5.

To allege that he met the terms of the eligibility clause, Rahman's second amended complaint includes a document allegedly outlining his 2022 total compensation plan and a photo of a PowerPoint slide "reflecting the 2022 'Comp Plan Design' and 'Comp Plan Structure' which was applicable to him for that year." SAC ¶ 44 & Exs. A & C. Rahman alleges that the 2022 total compensation plan, in particular, was specific to his personnel file. SAC ¶ 42. Accordingly, he now plausibly alleges that he was "told" he was on a sales bonus plan and therefore eligible for the plan.

To allege that he met the terms of the condition precedent, Rahman alleges that he "was employed by Google throughout the entirety of the year 2022" and until he was terminated in March 2023. SAC ¶ 44. Although the bonus plan states that Rahman must have been employed at the end of the quarterly performance period to receive a bonus, SAC ¶ 40, Rahman alleges that "during the course of [his] employment with Google, the 'quotas' pursuant to which this compensation was to be calculated changed [to] on an *annual* basis, notwithstanding the reference to purported 'quarterly quotas' in the aforementioned Sales Bonus Plan." SAC ¶ 42 (emphasis in original). By alleging that he was employed with Google through 2022, Rahman plausibly alleges

3

United States District Court
Northern District of California

that we was employed on the last day of the applicable performance period and thus satisfied the condition precedent of the bonus plan.

In addition, Rahman sufficiently pleads that he was entitled to additional compensation under the bonus plan that Google never paid him. For example, Rahman allegedly originated and finalized the Army Workspace deal, for which other DoD teammates received additional compensation. And Rahman alleges that he met the sales quota necessary to receive additional compensation.

In short, Rahman now plausibly alleges that he was employed subject to the bonus plan and entitled to, and denied, additional compensation under that plan. Rahman therefore pleads a breach of contract claim.

## CONCLUSION

Google's motion to dismiss Rahman's breach of contract claim is denied. Google must file an answer to Rahman's second amended complaint by March 10, 2026.

**IT IS SO ORDERED.**

Dated: February 17, 2026

P. Casey Pitts
United States District Judge

4